Diane ATKINS, Kathryn Atterberry, Karen Kyle, Iris Jenkins, Mary McCoy, Plaintiffs–Appellants,

v.

WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICE, a department of the County of Westchester, Defendant–Cross–Claimant–Appellee,

State of New York Civil Service Department, Defendant–Cross–Defendant–Appellee.

Docket No. 01–7735.

United States Court of Appeals, Second Circuit.

March 27, 2002.

Michael H. Sussman, Esq., Goshen, NY; Stephen Bergstein, Goshen, NY, on the brief, for Appellant.

---

* The Honorable Reena Raggi, United States District Judge for the Eastern District of New York, sitting by designation.

Linda M. Trentacoste, Esq., Senior Assistant County Attorney of Westchester, White Plains, NY; Charlene M. Indelicato, Westchester County Attorney, Stacey Dolgin–Kmetz, Chief Deputy County Attorney, on the brief, for appellee Westchester County Department of Social Service.

Ann P. Zybert, Esq., Assistant Solicitor General, State of New York, New York, NY; Eliot Spitzer, Attorney General of the State of New York, Marion R. Buchbinder, Assistant Solicitor General, on the brief, for appellee State of New York Civil Service Department.

Present LEVAL, SOTOMAYOR, Circuit Judges, and RAGGI, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Charles L. Brieant, Judge), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiffs are African–American employees of Westchester County who took a promotional exam for the position of Manager I for the Westchester Department of Social Services. They bring this action against defendants Westchester County Department of Social Services and State of New York Civil Service Department under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment. Plaintiffs allege that the promotional exam exerted a disparate impact on African–American candidates. The district court granted summary judgment in defendants' favor with respect to the entire action, finding that plaintiffs failed to establish disparate impact. [A 23] Plaintiffs appeal the dismissal of the Title VII and Equal Protection claims. We review the district court's decision *de novo*. *See Lombard v. Booz–Allen & Hamilton, Inc.*, 280 F.3d 209, 214 (2d Cir. 2002).

In evaluating disparate impact claims under Title VII, this Court has primarily relied upon two methods of measuring disparities between groups. *See Smith v. Xerox Corp.*, 196 F.3d 358, 365 (2d Cir. 1999). The first is the so-called "four-fifths rule" suggested by the Equal Employment Opportunity Commission. The second is to apply standard deviation analysis to determine the likelihood that a given statistical variance is due to chance. As plaintiffs concede, they cannot establish disparate impact under the four-fifths rule. As for plaintiffs' contention that the test scores of white applicants were clustered at the top of the rankings, plaintiffs offer no statistical evidence to suggest that the difference between the score distributions for whites and African–Americans is statistically significant and not attributable to chance. *See id.* at 365–66. Plaintiffs' argument that African–Americans suffered lower appointment rates is likewise without merit: As of November 1999, the appointment rates for African–Americans were actually higher than those for white candidates. And finally, plaintiffs' allegation that the promotional exam has never been validated is irrelevant to the threshold question of whether disparate impact occurred.

In addition to their Title VII claims, plaintiffs contend that the disparate impact they allege also violates the Equal

* The Honorable Reena Raggi, United States District Judge for the Eastern District of New York, sitting by designation.

Protection Clause. Plaintiffs have failed to establish the purposeful discrimination necessary to sustain such a claim. *See Washington v. Davis,* 426 U.S. 229, 239, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976).

Because plaintiffs have not made a prima facie showing that the promotional exam has exerted a disparate impact on African–American test-takers, the district court's grant of summary judgment is AFFIRMED.